## INSULAR DOCK COMPANY, Complt.,

### *v.*

## P. J. CARLIN CONSTRUCTION COMPANY AND SAN JUAN HARBOR BOARD, Dfts.

---

San Juan, Equity, No. 955.

**Injunction—Stay of Execution.**

Where a final injunction has been issued restraining the construction of a pier in violation of the plaintiff's rights until the parties agree upon the proper damages for the plaintiff, the court will not stay execution of the injunction until condemnation proceedings are brought in a local court to fix the damages, though it would be willing to consider a method to determine them itself.

Opinion filed July 8, 1915.

---

*Mr. H. G. Molina* for complainant.

Insular Dock Co. v. P. J. Carlin Constr. Co.

*The Attorney General of Porto Rico* for defendant, the San Juan Harbor Board.

HAMILTON, Judge, delivered the following opinion:

The matter comes up for hearing upon a motion for "stay of execution" upon certain conditions, stay I presume of the injunction. There is no other execution ordered. It is urged, on the one side, the public interests require that the work shall go on, and certain offers are made which the defendants think will protect the plaintiff and at the same time permit the work to go on. The substance of the offers, as I understand it, is a deposit of money, which is to be returned if on appeal this court is not sustained.

On the other side, the complainant seems to be perfectly satisfied with the case as it stands, and does not want to have any modification made. The court is confronted with this fact. The court is not an administrative body; it is not a legislative body; it is simply a judicial body and must decide rights as they are presented. The incidental effect upon other parties cannot be taken into account.

The situation at present is this. The Insular Dock Company has secured a decree which establishes its right to enjoy a certain pier uninterrupted by the public work of extending the bulkhead line, and an injunction has issued to sustain the *status quo* until damages are paid. That is the actual situation. How far can the court or how far should the court, as between these parties, who are all there before it, modify that situation?

1. It seems to me, in the first place, that the most the court could do would be this. The injunction is to stand unless and

until damages adequate to the infraction of the plaintiff's rights
are paid to the plaintiff by the proper parties defendant.   That
is in effect the substance of the decree.   It seems to me that the
matter can be got at in this way.   That decree stands.   That
decree should stand.   The only question is as to how those dam-
ages should be ascertained and when they should be paid.   The
court would be reluctant, when it is satisfied that a certain in-
junction should stand until damages are paid, to turn the mat-
ter over to another court, to hold the injunction up until a pro-
ceeding is taken in an other court to assess damages.   A court
of equity has this right.   Where damages come up incidentally,
as they do in this case, it can refer the decision of the issue to a
jury, as that is done by a jury in another court.   I do not
remember any precedent, but it may be there is such a precedent
of referring it to a jury of another jurisdiction, of, we will say,
a state court.   I do not recall such a precedent.   If there is one,
I would be very glad to have my attention called to it.   The ordi-
nary course is that a court of equity, if damages are involved or
the ascertainment of a legal right is involved or any specific
fact is involved, will stay its procedure until that right or those
damages are ascertained by whatever may be the proper manner,
before a jury or whatever it may be.   The court is not bound,
however, to refer it to a jury.   It can be done, but I think it
ought to be done by a jury in this court.   This decree is for
something to be done unless certain damages are paid.   It seems
to me the court would rather be abdicating its functions if it
turned the matter over to some other court to settle those dam-
ages.   The question of parties, of course, is important.   It con-
trols this court's jurisdiction to a large extent; but it is obviated
in this particular case, perhaps, by the fact that the parties are

Insular Dock Co. v. P. J. Carlin Constr. Co.

already before the court. There is no need of anything further. They are all parties in this case, and it does not appear clear why the court cannot, if the parties wish it done, go on and ascertain what are the damages the payment of which is conditional to the dissolution of the injunction, and it does not appear to the court proper to turn that question over to some other jurisdiction.

Ascertaining those damages is generally spoken of as condemnation proceedings, and I can simply say that the court would be very glad, if desired by the parties, to follow the general forms prescribed, whatever they may be, by the local procedure as to condemnation. If that is requested, the court would very likely follow those forms. If speed is important, however, that would hardly be practicable, because this judge should preside over such an inquiry, and this judge will not be here for sixty days. Of course another judge could be appointed, but he would not come into the case knowing all that had gone before.

Another method would be to leave the matter to the master to ascertain the damages. That is practicable. It is done every day almost in this court to ascertain some disputed fact, especially relating to money values or accounts. The objection on the part of the Attorney General, as I understand it, is that the defendant the San Juan Harbor Board can only proceed in a certain manner, that the money could only be paid, for instance, upon a proceeding in condemnation proper. That, of course, is not definitely settled, but I should think the same result could be got at in this way. If the master in chancery should ascertain certain damages, and they are practically agreed upon by the parties after that hearing, or are settled by the court on exceptions, a formal proceeding in condemnation could be had in which

that amount could be found also by the local condemnation tribunal, whatever it may be. If one party asks a certain amount to be found, and there is no objection by the other party, the local tribunal could certify that amount, and this court could stay its further action until that was done, if that is necessary as a matter of form.

I wish to say this. In argument, as often happens, some things are said which reflect on the one side or the other. The court does not wish to interrupt counsel, because it sometimes disturbs the continuity of an argument; but the court would like it clearly understood that, in saying that it would prefer that the ascertainment of damages be under its own hand, so to speak, in this forum, it is not adopting in any way the remarks of counsel as to the local courts being under the influence of the Attorney General. It does not assume that at all. I cannot take that into account. I am acting upon an entirely different principle. The proceeding having been begun here, this court of equity will, like any other court of equity, go ahead and do full justice between the parties.

2. In the next place, if this is done, an appeal would still lie from what has been found here, so that I cannot see that either side, from a legal point of view, would be injured by such procedure. The only point is as to what could be done in the meantime. The court, of course, is treating this simply as a legal proceeding; but it would be to the interests of the public if some agreement could be arrived at as to a *modus vivendi*. I do not think I could pass on that now. The question before this court is one of legal right, and then an appeal, if the parties are not satisfied with the action of the court. I would be glad if the parties would agree, after the amount of damages is ascertained,

upon some form of refund if this court is not upheld, but I do not see my way clear to incorporate that condition in any present decree. The court must decide the issue brought before it, one way or the other, so that it cannot incorporate any conditions which will hamper any proper method to carry out that finding. I do not think that I could take that into account, at least to the extent of making any conditions as to how the decree of this court, when once made, can be stayed, except by agreement of parties. If either side has won a legal fight, it is entitled to the execution which grows out of that result, and this would be true no matter which side won.

I state this more for your guidance than anything else. If you wish to file any brief to convince me that another course could be pursued, I am perfectly willing to consider it, but I think it would take very strong argument to change my opinion as to the way to get at this. I will take it under advisement if you gentlemen wish to say anything further, but my own impression is that the way to do is to go ahead and determine those damages on an issue before this court in some shape.

The motion at present made for a stay of execution upon conditions is denied. If a proper party applies for a reference or whatever may be the proper way of determining damages, in such a way that the court can see that the matter is bona fide and damages will be paid if assessed, the court will be very glad to take it under advisement; but in its present form the motion is denied.